**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 23-09967 |
| Adams Delaware Owner, LLC | ) | |
| | ) | Honorable Jacqueline P. Cox |
| | ) | Hearing Date: August 8, 2023, at 1:00 p.m. |
| Debtor. | ) | |

### NOTICE OF MOTION

To:   See attached Certificate of Service

**PLEASE TAKE NOTICE** that on Tuesday, August 8, 2023, at 1:00 p.m., I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, either in courtroom 680 of the Everett P. Dirksen Federal Courthouse or electronically as described below, and present the attached **MOTION OF OLD NATIONAL BANK TO EXCUSE RECEIVER FROM COMPLIANCE WITH SECTIONS 543(a) AND 543(b) OF THE BANKRUPTCY CODE** and shall move the court for the entry of an order in accordance therewith.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669- 254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and password.** The meeting ID for this hearing is **161 273 2896** and enter password **778135**. The meeting ID and password can also be found on the judge's. page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: August 1, 2023

Respectfully submitted,

**Old National Bank, Successor by Merger to First Midwest Bank**

By**:**  */s/ Robert W. Glantz*
One of Its Attorneys

Robert W. Glantz (#6201207)
Jeffrey M. Schwartz, (#6209982)
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
312.521.2000
rglantz@muchlaw.com
jschwartz@muchlaw.com

## CERTIFICATE OF SERVICE

Robert W. Glantz, an attorney, affirms that on August 1, 2023, he served a copy of the attached Motion upon those individuals listed on the attached service list through the Court's ECF system and/or by depositing same in the U.S. Mail from 191 N. Wacker Drive, Suite 1800, Chicago, Illinois.

*/s/ Robert W. Glantz*

## SERVICE LIST

Office of the U.S. Trustee
219 S. Dearborn Street, Room 873
Chicago, IL 60606
VIA ECF

Konstantine T. Sparagis
Law Offices of Konstantine Sparagis P C
900 W. Jackson Blvd., Ste. 4E
Chicago, IL 60607
VIA ECF

Adam Gilgis
105 W Adams, Ste. 3900
Chicago, IL 60603
VIA US MAIL

City of Chicago
121 N. LaSalle Street, Ste 600
Chicago, IL 60602
VIA US MAIL

Cook County Treasurer
118 N Clark St., Ste. 112
Chicago, IL 60602
VIA US MAIL

Department of US Treasury
PO Box 7346
Philadelphia, PA 19101-7346
VIA US MAIL

Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield, IL 62794
VIA US MAIL

Juanita Schwartzkopf
Focus Management Group
6585 North Avondale Avenue
Chicago, Illinois 60631
VIA EMAIL AND US MAIL

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 23-09967 |
| Adams Delaware Owner, LLC | ) | |
| | ) | Honorable Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Hearing Date: August 8, 2023, at 1:00 p.m. |
| | ) | |

**MOTION OF OLD NATIONAL BANK TO EXCUSE**
**RECEIVER FROM COMPLIANCE WITH SECTIONS**
**543(a) AND 543(b) OF THE BANKRUPTCY CODE**

Old National Bank, successor by merger to First Midwest Bank ("**Lender**"), administrative agent on behalf of lenders Marquette Bank and itself, pursuant to section 543(d) of the Bankruptcy Code moves for the entry of an order excusing Juanita Schwartzkopf, as the duly appointed state court receiver, from compliance with Sections 543(a) and 543(b) of the Bankruptcy Code (the "**Motion**").  In support of the Motion, Lender states as follows:

## INTRODUCTION

1. Lender is mortgagee for that certain real property owned by Debtor commonly known as 105 West Adams Street, Chicago, Illinois 60603 (the "**Property**").  The Property consists of a commercial office building in the Chicago Loop.

2. In certain state court foreclosure litigation relating to the Property, the Circuit Court of Cook County, Illinois appointed Juanita Schwartzkopf as the receiver (the "**Receiver**") for the Property.  For the reasons stated below, it is in the best interest of the Debtor's creditors for the Receiver to remain in possession of the Property.

## JURISDICTION AND VENUE

3. Jurisdiction of this Motion is proper pursuant to 28 U.S.C. §1334.

4. Venue is appropriate in the Court pursuant to 28 U.S.C. §§1408 and 1409.

5. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

## BACKGROUND

*The Underlying Loans*

6. On or about December 8, 2016, lenders First Midwest Bank k/n/a Old National Bank[1], and Marquette Bank made a loan to Debtor in the original principal amount of $26,300,000 (the "**Loan**"), pursuant to a Loan Agreement dated December 8, 2016 (the "Loan Agreement") and with a maturity date of December 8, 2021.

7. Pursuant to the Loan Agreement, First Midwest is authorized to act as Administrative Agent on behalf of itself and Marquette Bank in all matters relating to the management of the Loan including the prosecution of this motion.

8. The Loan is evidenced by promissory notes (all collectively referred to as the "**Notes**") dated December 8, 2016, in the total original principal amount of $26,300,000 made by Debtor and payable to the Lenders as follows:  (i) a Term Note dated December 8, 2016 from Debtor to First Midwest; (ii) a Term Note dated December 8, 2016 from Debtor to Marquette Bank; (iii) a Non-Revolving Line of Credit Note dated December 8, 2016 from Debtor to First Midwest; and (iv) a Non-Revolving Line of Credit Note dated December 8, 2016 from Debtor to Marquette Bank.

9. To secure repayment of the Loan and Notes, Debtor executed and delivered to Lenders a Mortgage, Security Agreement, Assignment of Rents and Leases, and Fixture Filing (the "**Mortgage**") encumbering the Property.

10. As further security for the loan, Debtor pledged an Assignment of Rents and Leases (the "**Assignment of Rents**").

---

[1] Old National Bank is the successor by merger to First Midwest Bank.

11. The Loan was also secured by Musa P. Tadros who guaranteed the payment of all obligations owed by the Debtor (the "**Guaranty**").

*The Foreclosure Action and the Appointment of the Receiver*

12. On or about November 24, 2020, Lender filed a complaint to foreclose on the Property and for judgment with respect the Guaranty in the Circuit Court of Cook County, Chancery Division (the "**State Court**"), Case No 2020CH06956, and on November 8, 2021, Lender filed an Amended Complaint (as amended, the "**Foreclosure Litigation**").

13. Almost two years ago, on September 27, 2021, as part of the Foreclosure Litigation, the State Court entered an order appointing the Receiver and authorized the Receiver to retain the Receiver's firm Focus Management Group USA Inc ("**Focus**") to assist the Receiver. A copy of the Order Appointing Receiver for Non-Residential Property (the "Receiver Order") is attached as **Exhibit A.**

14. Under the Receiver Order, the Receiver is empowered with all the duties, responsibilities and powers enumerated in the Illinois Mortgage Foreclosure Law. Under the Illinois Mortgage Foreclosure Law, a receiver "shall have possession of the mortgaged real estate and other property subject to the mortgage during the foreclosure, shall have full power and authority to operate, manage and conserve such property, and shall have all the usual powers of receivers in like cases". 735 ILCS 5/15-1704(b). This includes the power to collect the rents, issues and profits from the Property. 735 ILCS 5/15-1704(b)(2). Under the Illinois Mortgage Foreclosure Law, a receiver "must manage the mortgaged real estate as would a prudent person, taking into account the effect of the receiver's management on the interest of the mortgagor." 735 ILCS 5/15-1704(c). This includes the duty to "apply receipts to payment of ordinary operating expenses." 735 ILCS 5/15-1704(c)(3).

3

15. Since her appointment, the Receiver has been maintaining the building and managing the Property.

16. On December 28, 2022, the State Court entered an Order for Default, Default and Summary Judgment and Judgment of Foreclosure and Sale (the "**Foreclosure Judgment**"). In the Foreclosure Judgment, the Foreclosure Court found and concluded that the Mortgage and Assignment of Rents constitutes a valid and prior lien on the Property securing an indebtedness of $29,282,252,27 plus interest, attorneys' fees and costs accruing after December 28, 2022. In addition, on December 28, 2022, the State Court entered an Order for Summary Judgment on Count III of Amended Complaint granting summary judgement in favor of the Lender against Musa P. Tadros for breach of the Guaranty in the amount of $29,282,252.27.

17. Pursuant to the Foreclosure Judgment, a judicial sale of the Property was scheduled for August 1, 2023.

*The Debtor's Bankruptcy Case*

18. On July 31, 2023, the day before the scheduled judicial sale, the Debtor filed its petition under chapter 11 of the Bankruptcy Code.

19. The filing contained only the bare minimum information necessary, a petition, and the list of the Twenty Largest Creditors (which only listed the Lender). It did not contain the Debtor's schedules or statement of financial affairs.

## ARGUMENT

20. Juanita Schwartzkopf should be entitled to remain as receiver for the Property. Section 543 governs whether a custodian of property of a debtor's estate is required to turn that property over the debtor's estate. Specifically, section 543 provides:

4

Turnover of property by a custodian

    (a)    A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property.

    (b)    A custodian shall—

        (1)    deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and

        (2)    file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

    (c)    The court, after notice and a hearing, shall—

        (1)    protect all entities to which a custodian has become obligated with respect to such property or proceeds, product, offspring, rents, or profits of such property;

        (2)    provide for the payment of reasonable compensation for services rendered and costs and expenses incurred by such custodian; and

        (3)    surcharge such custodian, other than an assignee for the benefit of the debtor's creditors that was appointed or took possession more than 120 days before the date of the filing of the petition, for any improper or excessive disbursement, other than a disbursement that has been made in accordance with applicable law or that has been approved, after notice and a hearing, by a court of competent jurisdiction before the commencement of the case under this title.

    (d)    After notice and hearing, the bankruptcy court—

        (1)    may excuse compliance with subsection (a), (b), or (c) of this section if the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property, and

    (2) shall excuse compliance with subsections (a) and (b)(1) of this section if the custodian is an assignee for the benefit of the debtor's creditors that was appointed or took possession more than 120 days before the date of the filing of the petition, unless compliance with such subsections is necessary to prevent fraud or injustice.

11 U.S.C. §543.

21. A receiver appointed by a state court is a "custodian" under the Bankruptcy Code. 11 U.S.C §101(11). Accordingly, the Receiver is a "custodian" for purposes of section 543 of the Bankruptcy Code.

22. Section 543 specifically contemplates that a custodian in possession of property can remain in possession of the property "if the interests of creditors . . . would be better served by permitting a custodian to continue in possession, custody or control of such property." *See* 11 U.S.C. §543(d). In this case, the interests of creditors would be better served by permitting Juanita Schwartzkopf to remain in possession of the Property.

23. In analyzing section 543, one bankruptcy court has explained that "Illinois law creates a presumption in favor of the mortgagee's right to possess nonresidential real estate during the pendency of foreclosure proceedings" and that the court "should not interfere with the state court directed proceedings." *In re Cadwell's Corners Partnership*, 174 B.R. 744, 763 (Bankr. N.D. Ill. 1994).

24. Indeed, the legislative history of Section 543(d) reinforces the general deference to state law by permitting the Court to authorize the custodianship to continue notwithstanding subsections (a) and (b) of section 543. *House Report No. 95-595, 95th Cong., 1st Sess. 370 (1977); Senate Report No. 95-989, 95th Cong., 2d. Sess. 84 (1978)*.

25. Moreover, unlike the abstention provisions contained in section 305, which also provide deference to state law, subsection 543(d) does not require an analysis of the interests of

6

the debtor. *5 Collier on Bankruptcy* § 543.05, at 543-17 (16th Ed. Rev. 2022).

26. Bankruptcy courts have recognized that "creditors are the best judge of their own best interests." *In re Camden Ordnance Mfg. Co. of Ark., Inc*., 245 B.R. 794, 802 (E.D. Pa. 2000).

27. Factors which courts have considered determining whether to excuse a receiver's compliance under section 543(d) of the Bankruptcy Code include: (1) the likelihood of reorganization, and whether funds held by the receiver are required for reorganization; (2) whether there were instances of mismanagement by the debtor; (3) whether turnover would by injurious to creditors; and (4) whether the debtor will actually use the property for benefit of its creditors. *See In re Franklin*, 475 B.R. 545, 551 (Bank. N.D. Ill. 2012); *In re Attack Properties, LLC,* 478 B.R. 337, 345 (N.D. Ill. 2012).

28. Here, there is no possibility of a successful reorganization in this case. This case was filed on the eve of the foreclosure for the sole purpose of delaying the foreclosure sale. The Debtor has no equity in the Property, the Property is incurring continual operating losses and the Debtor has continually failed to pay real estate taxes. The Debtor has not and cannot provide the Lender with adequate protection nor can it propose a confirmable plan in accordance with the Bankruptcy Code.

29. Moreover, the Debtor mismanaged the Property for years. Tellingly, the Debtor failed to pay any real estate tax for the tax years 2018, 2019, 2020 and the first half of 2021 Because of the Debtor's failure to pay real estate taxes and fees for over 3 years, the Lender was required to advance an additional $5,935,342.81 in order to pay the taxes and fees the Debtor failed to pay or even reserve for. In addition, the Property was not adequately maintained prior to the appointment of the Receiver. At the time the Receiver was appointed, there were outstanding

7

code violations and required repairs that had not been made, which the Receiver corrected. Accordingly, the Receiver should remain in possession of the Property because the Debtor did not adequately maintain the Property, put the Property at risk by failing to pay real estate taxes for years in an amount in excess of $5 million, and failed to generate sufficient revenue from the operation of the Property to pay its debt service to Lender.

30. The Receiver should also remain in place since it has been overseeing the operation of the Property for approximately two years and has the experience and expertise to properly manage the Property. The Debtor has not objected to the management of the Property since her appointment.

31. Finally, this case is a single asset real estate case. Accordingly, the Debtor is required to either: (i) make payments to Lender or (ii) propose a plan within the first 90 days of the filing of the petition. Although no schedules or statement of financial affairs was included, it appears obvious that the Debtor will not be able to do either. At that time, the automatic stay will be modified, and the Receiver will be re-appointed. It makes little sense to have to go through those machinations to end up exactly where we are now, especially, where as here, the Receiver has been in place for approximately 2 years.

**WHEREFORE**, Old National Bank, successor by merger to First Midwest Bank respectfully requests that this Court enter an order:

A. Allowing Juanita Schwartzkopf and Focus Management Group USA Inc to remain in possession of the Property pursuant to 11 U.S.C. §543(d);

B. Waiving the requirement that the Receiver prepare an accounting other than the receiver's reports that it prepares and files with the State Court;

8

  C. Allowing the Receiver to pay all outstanding prepetition employee wage and benefits; and

  D. Granting such other relief as may be equitable and just.

Dated: August 1, 2023

             Respectfully submitted,

             **OLD NATIONAL BANK, SUCCESSOR BY MERGER TO FIRST MIDWEST BANK**

             By**:** */s/ Robert W. Glantz*
                One of Its Attorneys

Robert W. Glantz (#6201207)
Jeffrey M. Schwartz (#6209982)
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
312.521.2000
rglantz@muchlaw.com
jschwartz@muchlaw.com

9

# EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **FIRST MIDWEST BANK,**<br><br>Plaintiff,<br><br>v.<br><br>**ADAMS DELAWARE OWNER, LLC, a Delaware limited liability company, MUSA P. TADROS, EUGENE L. GRIFFIN & ASSOCIATES, LTD., UNKNOWN OWNERS and NON-RECORD CLAIMANTS,**<br><br>Defendants. | Case No. 2020CH06956<br><br><u>Property Address:</u><br>105 West Adams Street,<br>Chicago, Illinois 60603 |

## ORDER APPOINTING RECEIVER FOR NON-RESIDENTIAL PROPERTY

THIS CAUSE was heard on plaintiff's motion pursuant to the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1101 *et seq.,* seeking an order appointing a receiver for the nonresidential property located at 105 West Adams Street, Chicago, Illinois. That property is the subject of plaintiff's complaint in mortgage foreclosure. The court has jurisdiction over the parties and subject matter and is fully advised in the premises. As used herein "defendant" and "mortgagor" shall also mean "defendants" and "mortgagors" as the context requires.

THE COURT FINDS:

1. The plaintiff filed a complaint seeking to foreclose a mortgage which alleges that the defendant-mortgagor defaulted on its obligations. A copy of the mortgage is attached to the complaint, is dated December 8, 2016, was executed by defendant-mortgagor, and was recorded as document number 1634355247 with the Cook County Recorder of Deeds against the subject property identified above. The mortgage secures promissory notes, copies of which are attached to the complaint, signed by defendant/mortgagor, dated December 8, 2016, and in the original principal amount of $26,300,000.

2. The property consists of a commercial office building and is owned by the defendant-mortgagor for commercial/investment purposes and is not for use as defendant(s)/mortgagor(s)' personal residence.

3. The complaint alleges that an "Event of Default," as defined in the mortgage and note, has occurred due to multiple default events by Adams Delaware Owner, LLC (the "Borrower") under the parties' loan agreement, including (a) the Borrower's failure to make payments of principal and interest due under the loan agreement and the promissory notes; (b) the Borrower's failure to make deposits for taxes required under the mortgage; (c) the Borrower's and guarantor's failure to furnish financial statements of the guarantor, a rent roll for the premises and operating statements of the Borrower; (d) the Borrower's failure to comply with Section 4(e) of the parties' forbearance agreement by December 31, 2018. These Events of Defaults give plaintiff the right to accelerate all amounts due under the mortgage and notes and to demand the same be immediately payable.

4. The mortgage provides on page 18 that upon the occurrence of an Event of Default, the mortgagee may petition the Court and a receiver shall be appointed.

5. The property does not fall within the definition of "Residential Real Estate" under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1219).

6. The court finds that *[choose one]*:

◉ due notice of the motion has been given pursuant to 735 ILCS 5/15-1706(d)

❏ good cause exists to waive notice pursuant to 735 ILCS 5/15-1706(d).

Based on the allegations of the complaint, the terms and provisions of the mortgage and note, and the motion to appoint a receiver, there is a reasonable probability that plaintiff will prevail on a final hearing in this matter. The defendant has not shown good cause why the receiver should not be appointed.

IT IS HEREBY ORDERED:

1. The receiver, Juanita Schwartzkopf, based on the information provided to the court, is deemed to be qualified to act as receiver and to manage the property as would a reasonably prudent person.

2. Plaintiff's motion for an order appointing a receiver for the subject property is granted and the above-named receiver is hereby appointed. This order will not become effective until the court has approved the receiver's bond as set forth below.

3. The receiver is empowered with all the duties, responsibilities and powers enumerated in the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.*).

4. The receiver is authorized to collect all rents relating to the property, and the tenants of the property are directed to pay rent to the receiver from the effective date of this order, until further notice. The receiver shall allocate all receipts from the operation of the real estate and other property subject to the mortgage in accordance with 735 ILCS 5/15-1704(d). Within 21 days of this Order becoming effective, the receiver shall provide notice to any and all occupants of the property as required by 735 ILCS 5/15-1704(f).

5. Within five business days after the receiver's bond is approved, the defendant-mortgagor shall turn over to the receiver, documents in format which relate in any way to the following:

(a) Income collected for the property after the effective date of this order;

(b) Contracts, documents, and agreements relating to accounts receivable and payable, operation, management, sale, leasing and/or control of the property;

(c) All documents such as insurance policies, real estate taxes, notices and/or bills which concern the property in any way;

(d) Documents relating to the property's condition, operation and maintenance or relating to any persons employed to maintain, secure or repair the property including contact phone numbers, emails and addresses for all such persons;

2

  (e) A list by case name and number of all current litigation or regulatory proceedings which involve the property including, but not limited to: (1) abatement of taxes or reduction of assessments, (2) mechanics lien claims, (3) building code violations or zoning enforcement action; and (4) any other litigation or legal or related proceedings;

  (f) All keys needed to operate, repair and/or maintain the property; and

  (g) A list of all tenants and their payment history for the last two years, along with an accounting of all deposits for rent, security, or otherwise for all tenants.

  6. Defendant-mortgagor, and its principals, agents and representatives, shall promptly and fully cooperate with receiver in connection with the receiver's performance of his/her duties and are prohibited from interfering with the powers or duties of receiver. Defendants are further prohibited from directing anyone to interfere, in any way, with the receiver in the execution of this order.

  7. The receiver shall file periodic written reports with the court. Each report shall be prepared with a case caption, personally signed by the receiver, and filed with the clerk of the court. The receiver or the plaintiff's attorney must serve copies of the report to all parties in the case (including mailing copies to those who have not formally appeared) at least five court days before the hearing on the report. The mailing shall include a notice of motion indicating the time, date and courtroom number applicable to the approval of the report, and a proof of service. Reports will be presented on a schedule established by the court for each particular case.

  8. Each report shall include, at a minimum: a description of the property (number of units, type of use, size and condition), contact information for the receiver, a list of tenants with the amount of their rent, a summary of any litigation involving the property of which the receiver is aware, a report on any failure of the mortgagor or any tenant to cooperate with the requirements of the receiver order, verification that the property is adequately insured, a detailed billing statement for the receiver's fees, a draft order approving the report and setting the case for the next receiver's report, a photograph of the outside of the property (first report only), an income/expense statement, current balance on hand, background information on any matter for which the receiver is requesting special court approval, and a check register showing income received and expenses incurred since the previous report.

  9. The receiver may not employ attorneys except with explicit court approval.

  9(a). Pursuant to 735 ILCS 5/15-1704(c), the receiver is authorized to retain the Receiver's firm Focus Management Group USA Inc. ("Focus") to assist the receiver with respect to management of the subject premises. The plaintiff has represented to the court that the anticipated fees will be $300.00 per hour for senior consultants and $75.00 per hour for administrative support. The duties and responsibilities of the management company will be to assist the Receiver in local management of the facility, collect rents, and coordinate vendor activities. In any report presented to the court, the receiver must distinguish his/her fees, activities, and responsibilities from the management company's fees.

  10. The receiver must appear in court/or by Zoom, when his/her report is presented.

  11. The receiver's fees shall be charged at the following rates: $350 per hour for the receiver. The court will review all fee requests for reasonableness. The court reserves the right to reduce any fees which it deems to be excessive, including fees charged under the above-listed fee schedule. Receiver's certificates shall constitute a first and prior lien on the property.

  12. With the consent of the plaintiff, the receiver may authorize necessary improvements to the property not to exceed the cost of $5,000. The receiver has the power to

procure or maintain appropriate utility services for the property and to procure or maintain appropriate insurance coverage for the property.

   13. This order is not effective until the court has approved the receiver's bond in the amount of $50,000, which must be issued by a court-approved surety company and signed by a court-approved attorney-in-fact for the surety company. Plaintiff or the receiver shall deliver the bond along with this order to chambers for approval.

   14. Plaintiff shall immediately forward a copy of this order to the defendant-mortgagor or any attorney who has filed an appearance on their behalf and file proof of service thereof with the court.

   15. This case is continued to January 31, 2022, at 1 pm., in courtroom 2810 of the Daley Center for status and approval of the first receiver's report.  Parties my appear in person or by Zoom:

  Meeting ID: 930 3847 3229  Passcode: 506 500  Dial-in:  (312) 626-6799

The receiver's first report shall be filed on or before January 10, 2022 and shall cover the period beginning when the bond is approved and ending on December 31, 2021.  Objections to the receiver's report, if any, shall be filed by January 18, 2022 and courtesy copies shall be submitted by January 18, 2022.

             ENTER:

             _____
             Judge

             Date: September 27 , 2021

*Prepared By:*
Lorne T. Saeks
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 521-2000
lsaeks@muchlaw.com
Firm I.D. 48345

Judge Patricia S. Spratt

SEP 27 2021

Circuit Court - 2146

4

12143866