**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  23-09967 |
| | ) | |
| Adams Delaware Owner, LLC | ) | Chapter 7 |
| | ) | |
| | ) | Hon. Nancy A. Peterman |
| Debtor | ) | |
| | ) | **Hearing Date:  Friday, May 15, 2026** |
| | ) | **Hearing Time:  10:00 a.m.** |

**COVER SHEET FOR AMENDED FIRST AND FINAL APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
SMITH, GAMBRELL & RUSSELL, LLP, AS TRUSTEE'S COUNSEL**

**(Local Rule 5082-1(A))**

| | |
|---|---|
| Name of Applicant: | Smith, Gambrell & Russell, LLP |
| Authorized to Provide Professional Services to: | Michael K. Desmond, not individually but as Chapter 7 Trustee for the Estate of Adams Delaware Owner, LLC Debtor |
| Date of Order Authorizing Employment: | March 5, 2024 retroactive to November 29, 2023 [*Dkt. No.* 67] |
| Period of Which Compensation is Sought: | November 29, 2023 through December 10, 2025 (allowance and payment) |
| Amount of Fees Sought: | $34,666.00 |
| Amount of Expenses Sought: | $676.16 |

This is a(n):     Interim Application: _____          Final Application:      X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| None | | | | |

SGR/81206041.3

Dated: May 5, 2026

Respectfully submitted,

**SMITH, GAMBRELL & RUSSELL, LLP**

By: */s/ Michael K. Desmond*

Michael K. Desmond (#6208809)
Elizabeth L. Janczak (#6302864)
SMITH, GAMBRELL & RUSSELL, LLP
155 N. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Tel: (312) 264-1007
Fax: (312) 264-2627
mdesmond@sgrlaw.com

SGR/81206041.3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  23-09967 |
| | ) | |
| Adams Delaware Owner, LLC | ) | Chapter 7 |
| | ) | |
| | ) | Hon. Nancy A. Peterman |
| Debtor | ) | |
| | ) | **Hearing Date:  Friday, May 15, 2026** |
| | ) | **Hearing Time: 10:00 a.m.** |

**AMENDED FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
SMITH, GAMBRELL & RUSSELL, LLP, AS TRUSTEE'S COUNSEL**

Michael K. Desmond and the law firm of Smith, Gambrell & Russell, LLP collectively ("SGR"), counsel to Michael K. Desmond, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Adams Delaware Owner, LLC (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying its first and final application for an award of compensation and reimbursement of expenses in the above-captioned case (the "Application").

In its Application, SGR requests allowance and payment of final compensation of $34,666.00 for 65.6 hours of legal services rendered to the Trustee and for reimbursement of expenses in the amount of $676.16 during the period (the "Application Period").  In support of its Application, SGR states as follows:

**JURISDICTION AND VENUE**

SGR/81206041.3

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## BACKGROUND

4. On July 31, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), thereby commencing the above-entitled case and creating the Debtor's estate (the "Estate").

5. On November 28, 2023, this Court entered an order converting the case to one under Chapter 7 of the Bankruptcy Code and Michael K. Desmond was appointed as the Chapter 7 Trustee of the Estate.

6. Prior to the Petition Date, the Debtor owned and operated commercial real estate commonly known as 105 W. Adams, Chicago, Illinois (floors 1, 2, and 11-41) which it purchased in December 2016.

7. In 2020, the Debtor entered into an agreement to sell the real property to NDR Holdings LLC ("NDR"). Pursuant to the sale agreement, NDR deposited at total of $2,000,000.00 into an Escrow Account ("Earnest Money") at Acquest Title Services, LLC ("Acquest").

8. The sale agreement was subsequently terminated by the parties and the parties disputed each side's entitlement to the Earnest Money. In June 2023, the Debtor and NDR entered into a settlement agreement with respect to the Earnest Money which provided, among other

2

things, that the Debtor and NDR would split the Earnest Money on a 50-50 basis after payment of certain fees, which balance had grown to $2,172,699.71 (the "Escrow").

9.      From that sum, $2,000 was paid to Old Republic Title for its fees and costs associated with escrowing the funds, and the remaining balance was split between NDR and the Debtor, $1,085,349.86 each.

10.      However, the Debtor did not receive its share of the Escrow. Instead, three days prior to the Petition Date, the Debtor directed the transfer of $1,043,349.86 of the Escrow to a Byline Bank deposit account (the "Sarkissan Transfer") in the name of Sandy Adams, an individual related to Boghos Angel Sarkissian – a business partner of the Debtor (collectively, the "Transferees").  Additionally, the Debtor directed the transfer of $42,000.00 to Schain, Banks, Kenny & Schwartz, Ltd. (the "Law Firm") in payment of legal fees related to the disputes over the Escrow (the "Schain Transfer").

11.      The Trustee made a demand upon the Transferees seeking the avoidance and recovery of the Transfer as a preferential transfer under section 547(b) of the Bankruptcy Code or, in the alternative, a fraudulent transfer under sections 544 and 548 of the Bankruptcy Code and applicable Illinois state law.

12.      The Trustee subsequently filed suit against the Transferees on November 8, 2024 as adversary proceeding number 24-00366 (the "Adversary").

13.      The Trustee made demand upon the Law Firm seeking the avoidance and recovery of the Schain Transfer as a preferential transfer under sections 547(b) and 550 of the Bankruptcy Code.

14.      The Trustee, with the assistance of his counsel, and pursuant to this Court's orders dated April 1, 2025 [Dkt. Nos. 80 and 81] approved separate settlements such that the Estate

3

recovered $900,000.00 and $25,000.00 on account of the Sarkissan Transfer and the Schain

Transfer, respectively.

**LEGAL SERVICES PERFORMED BY SGR**

15.     On February 27, 2024, the Trustee filed a motion with this Court seeking to retain

Smith, Gambrell & Russell, LLP ("SGR") as counsel to represent the Trustee in this bankruptcy

case.  On March 5, 2024, the Court entered the *Order Granting Trustee's Application for*

*Authority to Employ Counsel* [*Dkt. No.* 67], retroactive to November 29, 2023, on the terms and

conditions set forth in the motion.  A true and correct copy of the Court's March 5, 2024 order is

attached hereto as **Exhibit A**.

16.     As set forth in the Trustee's Application to Employ SGR, SGR is entitled to receive

compensation on an hourly basis, which, as set forth in the application, are SGR's standard and

customary hourly rates for work of this nature.  Additionally, as set forth in the application, SGR

is entitled to recover all expenses incurred in connection with its representation of the Trustee,

including, but not limited to such expenses as filing fees, expert witness fees, deposition costs,

transcripts, travel costs, copying costs, and courier charges.

17.     Legal services performed by SGR consisted generally of advising the Trustee as to

his duties and obligations under the Bankruptcy Code; advising the Trustee of the Estate's interest

in the Sarkissan Transfer and the Schain Transfer and obtaining court approval of the settlements;

retaining professionals to assist the Trustee in administering the assets of the Estate. By this

Application, SGR seeks allowance and payment of final compensation of $34,666.00 for 65.6

hours of legal services rendered to the Trustee during the Application Period.

4

18. In light of the number of hours spent by SGR rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, SGR submits that the amount sought for payment in this Application is fair reasonable.

19. Pursuant to Local Rule 5082-1(C), SGR has attached hereto as **Exhibit B** its detailed time records setting forth the date the work was performed, the attorney performing the work, a brief statement of the nature of the work, and the time expended and fee charged for the work described in the entry.

20. Accordingly, pursuant to Local Rule 5082-1(B)(2), SGR seeks the allowance and payment of compensation of $34,666.00 for the legal services rendered to the Trustee during the Application Period.

## NARRATIVE SUMMARY

*(LOCAL RULE 5082-1(B))*

20. Local Rule 5082-1(B)(1)(a) – During the Application Period, SGR performed a variety of services on the Trustee's behalf, which have been categorized into principal activities. A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Task | Hours | Fees |
| --- | --- | --- |
| Employment of Professionals | 4.8 | $2,139.00 |
| Adversary | 22.1 | $12,364.00 |
| Preference Actions | 3.5 | $2,067.00 |
| Discovery | 8.5 | $4,944.00 |
| Settlement of Adversary | 11.9 | $6,713.50 |
| Rule 2004 Discovery | 7.2 | $4,151.50 |
| Application for Compensation | 7.6 | $2,287.00 |
| Total | 65.6 | $34,666.00 |

SGR/81206041.3

21. <u>Local Rule 5082-1(B)(1)(b)</u> – Narrative summaries of SGR's principal activities follow, including details as to individual tasks performed within each activity:

(a) <u>Retention of Professionals</u> - The services under this task primarily consisted of advising the Trustee as to his duties and obligations under the Bankruptcy Code; representing the Trustee with respect to various claims asserted against the Estate; and preparing and presenting motions to employ Trustee's Bankruptcy Counsel. In connection with these services, SGR expended 4.8 hours and incurred $2,139.00 in fees during the Application Period.

(b) <u>Adversary To Avoid Fraudulent Transfer</u> - The services under this task primarily consisted of drafting the Trustee's adversary complaint against the Transferees seeking the avoidance and recovery of the Sarkissan Transfer as a preferential transfer under section 547(b) of the Bankruptcy Code or, in the alternative, a fraudulent transfer under sections 544 and 548 of the Bankruptcy Code which was filed in this court as adversary proceeding number 24-00366 and prosecuting the Adversary. In connection with these services, SGR expended 22.10 hours and incurred $12,364.00 in fees during the Application Period.

(c) <u>Preference Actions -</u> The services under this task primarily consisted of issuing a demand letter to the Law Firm for recovery of the Schain Transfer; representing the Trustee in his efforts to recover the Schain Transfer; and analyzing and reviewing documents and information provided by the Law Firm in defense of its rights to the Schain Transfer. Settlement negotiations with the Law Firm and drafting a motion to approve settlement. In connection with these services, SGR expended 3.5 hours and incurred $2,067.00 in fees during the Application Period.

(d) <u>Discovery</u> - The services under this task primarily consisted of issuing discovery requests, requests for admissions and subpoenas to obtain documents and information in connection with the Adversary, reviewing documents and preparing for depositions. In connection with these services, SGR expended 8.5 hours and incurred $4,944.00 in fees during the Application Period.

(e) <u>Settlement of Adversary</u> - The services under this task primarily consisted of representing the Trustee in separate negotiations with the Transferees for settlements of the Sarkissan Transfer, respectively; negotiating terms for the settlement agreements; seeking approval of settlement agreements, assuring proper notice to creditors and court appearance regarding same. In connection with these services, SGR expended 11.9 hours and incurred $6,713.50 in fees during the Application Period.

6

(f) <u>Rule 2004 Discovery</u> - The services under this task primarily consisted of researching and advising the Trustee as to his rights of turnover for the Schain Transfer and Sarkissan Transfer (collectively, the Transfers"); making demands upon the Law Firm and the Transferees for turnover of the amounts transferred; conducting an investigation into the transfers made from the Escrow and making demands upon Old Republic, as escrowee, for turnover of documents and information regarding the Transfers;  analyzing the documents and statements related to the Transfers.  In connection with these services, SGR expended 7.20 hours and incurred $4,151.50 in fees during the Application Period.

(g) <u>Application for Compensation</u> – The services under this task consisted of preparation of this Application in connection with the Trustee's Final Report in this case.  In connection with these services, SGR expended 7.6 hours and incurred $2,287.00 in fees during the Application Period.

22. <u>Local Rule 5082-1(B)(1)(c)</u> – By this Application, SGR seeks compensation of $2,287.00 for 7.6 hours of legal services in connection with the preparation of this Application.

23. <u>Local Rule 5082-1(B)(1)(d)</u> – A chart listing the name and position of each person with SGR who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work is attached as **Exhibit C**.

24. <u>Local Rule 5082-1(B)(1)(e)</u> – The chart attached as **Exhibit D** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

25. <u>Local Rule 5082-1(B)(1)(f)</u> – This is the first and final Application filed by SGR for compensation and reimbursement of expenses.

26. <u>Local Rule 5082-1(B)(1)(g)</u> – SGR seeks the reimbursement of actual, necessary out of pocket expenses totaling $676.16.  Invoices evidencing these expenses are attached hereto as **Exhibit E**.

7

27.     All of the expenses for which SGR seeks reimbursement were actually incurred by SGR, were necessary for the proper representation of the Trustee in this case and were specifically allocated to the Trustee's case. None of the expenses represents general overhead or other expenses unrelated to this case.

28.     Local Rule 5082-1(B)(2) – SGR seeks the allowance and payment of compensation of $35,231.00 for 66.40 hours of legal services rendered to the Trustee and reimbursement of expenses of $676.16 incurred in connection with those services during the Application Period.

## DETAILED STATEMENT OF SERVICES
### *(LOCAL RULE 5082-1(C))*

29.     The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

30.     The time detail attached as **Exhibit B** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and activities that match the narrative descriptions in this Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

8

SGR/81206041.3

**BASIS FOR RELIEF**

31.     Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of SGR's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by SGR during the Application Period were required for the proper representation of the Trustee in this bankruptcy case.

32.     The compensation sought by SGR in this Application is for ordinary and necessary services rendered to the Trustee, and the fees sought are reasonable.

33.     In light of the number of hours spent by SGR rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, SGR submits that the amount for sought for payment in this Application is fair and reasonable.

34.     SGR prepared this Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the estate, SGR is also entitled to receive compensation for the preparation of this Application. *Pettibone*, 74 B.R. at 304.

35.     Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. SGR has at all times acted specifically in the best interests of the Estate. All services performed by SGR and all expenses incurred were reasonable and necessary and for the benefit of the Debtors' bankruptcy estate.

9

36.     SGR has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by SGR for services rendered to the Trustee in this case.

## **NOTICE**

37.     SGR has provided at least twenty-one days' notice of this Application to all parties registered with CM/ECF in this case, including Debtors, Debtors' counsel, and the Office of the United States Trustee. Additionally, SGR has served a notice of hearing on this Application with the Notice of Hearing on the Trustee's Final Report by first class U.S. mail on all creditors who have filed claims in this case, which identifies SGR as the applicant, states the amounts requested in the Application, and provides contact information for any party to request a copy of the Application free of charge.

WHEREFORE, Smith, Gambrell & Russell, LLP respectfully requests that this Court enter an order:

(a)     Granting the relief requested in this Application;

(b)     Granting SGR's request to limit notice as set forth above and finding that the Notice of the Hearing on this Application was sufficient;

(c)     Allowing SGR final compensation in the amount of $34,666.00 for the legal services to the Trustee between November 29, 2023 through December 10, 2025;

(d)     Allowing final reimbursement of expenses in the amount of $676.16;

(e)     Authorizing and directing the Trustee to pay to SGR $34,666.00 as compensation for the legal services rendered to the Trustee, and reimbursement of expenses in the amount of $676.16 between November 29, 2023 through December 10, 2025; and

(f)     Granting such other relief as this Court deems necessary or appropriate.

SGR/81206041.3

Dated: May 5, 2026

Respectfully submitted,

**SMITH, GAMBRELL & RUSSELL, LLP**

By: /s/ *Michael K. Desmond*

Michael K. Desmond (#6208809)
Elizabeth L. Janczak (#6302864)
SMITH, GAMBRELL & RUSSELL, LLP
155 N. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Tel: (312) 264-1007
Fax: (312) 264-2627
mdesmond@sgrlaw.com

SGR/81206041.3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                    )          BK No.:    23-09967
                                          )
Adams Delaware Owner, LLC,                )          Chapter:  7
                                          )
                                          )          Honorable Jacqueline P Cox
                                          )
                                          )
         Debtor(s)                        )

### ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY COUNSEL

This matter comes before the Court on the application (the "Application") of Michael K. Desmond, not individually, but as Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Adams Delaware Owner, LLC (the "Debtor"), seeking entry of an order authorizing the Trustee to employ Michael K. Desmond and the partners and associates at the law firm of Smith, Gambrell & Russell, LLP (collectively, "SGR") as bankruptcy counsel in connection with the above-captioned bankruptcy case (the "Case");

IT IS HEREBY ORDERED THAT:

1. The Trustee is authorized, pursuant to sections 327(a), and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 to employ SGR as Trustee's bankruptcy counsel, retroactive to November 29, 2023, in accordance with the terms set out in the Application and exhibits thereto.

Enter:        *Jacqueline P. Cox*
            _____

            Honorable Jacqueline Cox
            United States Bankruptcy Judge

Dated:  March 05, 2024

**Prepared by:**

Michael K. Desmond
Smith, Gambrell & Russell, LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606
(312) 264-1007
mdesmond@sgrlaw.com

Exhibit A - Order Employing SGR

| Date | Timekeeper Name | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|---|
| | **Employment of Professionals** | | | | |
| 2/20/2024 | MCANENY, MAUREEN P. | 435.00 | 2.70 | 1,174.50 | Review docket, schedules, and filings regarding stay lift and case conversion; draft motion to employ SGR and proposed order |
| 2/26/2024 | DESMOND, MICHAEL K. | 545.00 | 0.50 | 272.50 | Draft and revise Motion to Retain SGR. |
| 2/27/2024 | WEBSTER, JACQUELINE | 395.00 | 1.20 | 474.00 | Review and edit application to employ Michael Desmond as trustee (0.2); review and edit notice and certificate of service regarding same (0.4); file same (0.1); coordinate service of same (0.1); save various case related documents for attorney review (0.4). |
| 3/5/2024 | DESMOND, MICHAEL K. | 545.00 | 0.40 | 218.00 | Court appearance on Motion to Employ SGR |
| | **Sub-Total** | | **4.80** | **2,139.00** | |
| | **Adversary To Avoid Fraudulent Transfer** | | | | |
| 7/22/2024 | JANCZAK, ELIZABETH L. | 580.00 | 2.10 | 1,218.00 | Begin drafting complaint against Boghos Sarkissian and Sandy Adams, including review of various background documents and information and docket (2.1). |
| 7/23/2024 | JANCZAK, ELIZABETH L. | 580.00 | 2.10 | 1,218.00 | Continue drafting complaint against Boghos Sarkissian and Sandy Adams (2.1). |
| 7/29/2024 | DESMOND, MICHAEL K. | 545.00 | 2.00 | 1,090.00 | Draft and revise Adversary complaint; Conference with L. Janczak |
| 7/29/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.50 | 290.00 | Review revisions to draft complaint against Sarkissian and Adams (0.2); conference with Mike Desmond regarding same (0.3). |
| 7/30/2024 | DESMOND, MICHAEL K. | 545.00 | 1.50 | 817.50 | Draft and revise Adversary complaint (1.2); Conference with L. Janczak (.3). |
| 7/30/2024 | JANCZAK, ELIZABETH L. | 580.00 | 1.60 | 928.00 | Review and revise complaint against Sarkissian and Adams (0.8); research case law regarding applicable state law for same (0.6); e-mail correspondence to Mike Desmond regarding same (0.2). |
| 8/5/2024 | DESMOND, MICHAEL K. | 545.00 | 0.70 | 381.50 | Revise Fraudulent Transfer Complaint against Sarkissian & Adams (.5); meeting with L. Janczak regarding same (.2). |
| 8/5/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | Conference with Mike Desmond regarding revisions to complaint against Adams and Sarkissian (0.1). |
| 8/6/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.80 | 464.00 | Revise draft Adams/Sarkissian complaint and prepare exhibits to same (0.2); e-mail correspondence to Mike Desmond regarding same (0.1); telephone conference with Mike Desmond regarding same (0.3); e-mail correspondence to Keevan Morgan regarding draft complaint and proposed settlement (0.2). |
| 11/7/2024 | DESMOND, MICHAEL K. | 600.00 | 0.60 | 360.00 | Review and revise Srakissian complaint for filing (.4); Research recorder's office regarding ownership of Wilmette property (.2). |
| 11/7/2024 | JANCZAK, ELIZABETH L. | 595.00 | 0.40 | 238.00 | Review and finalize complaint against Boghos Sarkissian and Sandy Adams (0.3); draft civil coversheet for same (0.1). |
| 11/8/2024 | WEBSTER, JACQUELINE | 395.00 | 0.70 | 276.50 | Review and file complaint against Boghos Sarkissian and Sandy Adams (0.5); e-mail correspondence with Elizabeth Janczak regarding same (0.1); coordinate service of summons and complaint (0.1). |

| Date | Timekeeper Name | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|---|
| 11/8/2024 | JANCZAK, ELIZABETH L. | 595.00 | 0.10 | 59.50 | E-mail correspondence with Jackie Webster regarding filing and service of complaint against Sarkissian and Adams (0.1). |
| 12/3/2024 | WEBSTER, JACQUELINE | 395.00 | 0.60 | 237.00 | Draft and file certificate of service regarding complaint (0.5); e-mail correspondence with Elizabeth Janczak regarding same (0.1). |
| 12/10/2024 | DESMOND, MICHAEL K. | 600.00 | 0.70 | 420.00 | Review and revise Motion for default judgment in adversary proceeding. |
| 12/10/2024 | WEBSTER, JACQUELINE | 395.00 | 0.60 | 237.00 | Review motion for default and default judgment (0.1); draft notice and certificate of service regarding same (0.2); file same (0.2); coordinate service of same (0.1). |
| 12/10/2024 | JANCZAK, ELIZABETH L. | 595.00 | 1.70 | 1,011.50 | Draft motion for default and default judgment, supporting declaration, and proposed order (1.1); review notice of motion and finalize filing (0.1); review union's motion for administrative claim (0.3); e-mail correspondence with Mike Desmond regarding same (0.2). |
| 12/17/2024 | JANCZAK, ELIZABETH L. | 595.00 | 0.30 | 178.50 | Attend hearing on motion for default judgment (0.3). |
| 1/6/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.50 | 297.50 | Conference with Mike Desmond regarding Sarkissian answer and scheduling going forward (0.2); review Sarkissian answer (0.1); review Judge Cox's standing scheduling order (0.1); e-mail correspondence to Mike Desmond regarding same (0.1). |
| 1/7/2025 | JANCZAK, ELIZABETH L. | 595.00 | 1.00 | 595.00 | Draft proposed scheduling order (0.1); e-mail correspondence with Keevan Morgan regarding same (0.1); attend status hearing on adversary complaint (0.8). |
| 1/16/2025 | JANCZAK, ELIZABETH L. | 595.00 | 2.50 | 1,487.50 | Draft initial disclosures for Sarkissian adversary (0.8); draft initial set of discovery requests to Defendants (1.6); e-mail correspondence to Mike Desmond regarding same (0.1). |
| 1/21/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.40 | 238.00 | Revise initial disclosures (0.1); e-mail correspondence to Mike Desmond regarding same (0.1); telephone conference with Marty Schwartz regarding Schian Banks preference settlement (0.1); e-mail correspondence to Mike Desmond regarding same (0.1). |
| 4/3/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.20 | 119.00 | Draft stipulation to dismiss adversary proceeding against Sarkissian and Adams (0.2). |
| 4/8/2025 | WEBSTER, JACQUELINE | 395.00 | 0.20 | 79.00 | File stipulation to dismiss adversary (0.1); e-mail correspondence with Elizabeth Janczak regarding same (0.1). |
| 6/16/2025 | WEBSTER, JACQUELINE | 325.00 | 0.20 | 65.00 | Telephone message to Judge Cox's courtroom deputy regarding stipulation to dismiss adversary and scheduled status hearing; e-mail correspondence with Elizabeth Janczak regarding same. |
| | **Sub-Total** | | **22.10** | **12,364.00** | |

### Preference Actions

| Date | Timekeeper Name | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|---|
| 8/22/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.40 | 232.00 | Draft preference demand letter to Schian Banks (0.4). |
| 8/23/2024 | DESMOND, MICHAEL K. | 545.00 | 0.20 | 109.00 | Review draft settlement demand to Schain Banks (.2). |
| 8/26/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | Finalize Schian Banks demand letter and e-mail correspondence to Marty Schwartz regarding same (0.1). |
| 10/25/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | E-mail correspondence to Marty Schwartz regarding Schian Banks preference demand. |
| 11/12/2024 | JANCZAK, ELIZABETH L. | 595.00 | 0.30 | 178.50 | Telephone conference with Marty Schwartz regarding preference demand and settlement (0.1); e-mail correspondence to Mike Desmond regarding same (0.2). |

| Date | Timekeeper Name | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|---|
| 11/14/2024 | JANCZAK, ELIZABETH L. | 595.00 | 0.10 | 59.50 | Conference with Mike Desmond regarding Schian Banks settlement offer and counter (0.1). |
| 11/15/2024 | JANCZAK, ELIZABETH L. | 595.00 | 0.20 | 119.00 | E-mail correspondence and telephone call to Marty Schwartz regarding Schian Banks defenses and settlement offer (0.2). |
| 12/2/2024 | DESMOND, MICHAEL K. | 600.00 | 0.50 | 300.00 | Review response from Schain Banks regarding preference demand. |
| 12/2/2024 | JANCZAK, ELIZABETH L. | 595.00 | 0.20 | 119.00 | Initial review of Schian Banks preference demand response (0.1); e-mail correspondence with Mike Desmond regarding same (0.1). |
| 1/31/2025 | DESMOND, MICHAEL K. | 600.00 | 0.20 | 120.00 | Correspondence with L, Janczak regarding terms of potential settlement of preference claim with Schain Banks. |
| 2/6/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.40 | 238.00 | Draft settlement agreement with Schain Banks (0.4). |
| 2/11/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.60 | 357.00 | Draft motion to approve settlement with Schain Banks and proposed order for same (0.5); e-mail correspondence with Mike Desmond regarding revisions to settlement agreement (0.1). |
| 2/24/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.20 | 119.00 | E-mail correspondence with Mike Desmond regarding settlement proposal (0.1); e-mail correspondence with Byline Bank regarding production extension (0.1). |
| | **Sub-Total** | | **3.50** | **2,067.00** | |

**Discovery**

| Date | Timekeeper Name | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|---|
| 1/22/2025 | JANCZAK, ELIZABETH L. | 595.00 | 2.50 | 1,487.50 | Draft third party subpoenas to Byline Bank, Musa Tadros, and Dolins Group for production of documents (2.1); revise discovery requests to Boghos Sarkissian (0.4). |
| 1/23/2025 | DESMOND, MICHAEL K. | 600.00 | 1.30 | 780.00 | Draft and revise discovery requests to Defendants; Revise subpoena's to Tadros, Byline Bank and Dolins Group. |
| 1/28/2025 | WEBSTER, JACQUELINE | 395.00 | 0.20 | 79.00 | Coordinate service of subpoenas (0.1); e-mail correspondence with Elizabeth Janczak regarding same (0.1). |
| 1/28/2025 | JANCZAK, ELIZABETH L. | 595.00 | 1.50 | 892.50 | Revise and finalize initial disclosures, discovery requests, and third party subpoenas (0.8); draft certificate of service for same (0.1); e-mail correspondence to Keevan Morgan regarding same (0.1); conference with Mike Desmond regarding discovery requests and Schian Bank settlement (0.2); e-mail correspondence to Marty Schwartz (Schian Banks) regarding settlement (0.1); e-mail correspondence with Mike Desmond and Jackie Webster regarding service of subpoenas and research regarding same (0.2). |
| 2/7/2025 | WEBSTER, JACQUELINE | 395.00 | 0.10 | 39.50 | Check status on service of subpoenas (0.1). |
| 2/11/2025 | WEBSTER, JACQUELINE | 395.00 | 0.20 | 79.00 | Follow up regarding status of subpoena service; e-mail correspondence with Elizabeth Janczak regarding same. |
| 2/18/2025 | WEBSTER, JACQUELINE | 395.00 | 0.10 | 39.50 | E-mail correspondence with Elizabeth Janczak and Michael Desmond regarding affidavits of service of subpoenas. |
| 2/18/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.90 | 535.50 | Review tax returns produced by Dolins Group (0.5); summarize various financial statements received from various sources (0.3); e-mail correspondence to Mike Desmond regarding same (0.1). |
| 2/20/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.30 | 178.50 | Review answers to requests for admission and proposed settlement offer (0.3). |
| 2/28/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.50 | 297.50 | Review and summarize Byline Bank production (0.5). |

| Date | Timekeeper Name | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|---|
| 3/10/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.90 | 535.50 | Review Schain Banks signed agreement (0.1); conference with Mike Desmond regarding same (0.1); finalize Schain Banks 9019 motion and order (0.2); draft and serve deposition notices to Sarkissian and Adams (0.5). |
| | **Sub-Total** | | **8.50** | **4,944.00** | |
| | **Settlement of Adversary** | | | | |
| 5/10/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | Telephone conference with Keevan Morgan regarding Sarkissian settlement offer and e-mail correspondence to Mike Desmond regarding same (0.1). |
| 5/14/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.20 | 116.00 | Conference with Mike Desmond regarding Sarkissian settlement offer (0.2). |
| 5/15/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | Telephone conference with Keevan Morgan regarding Sarkissian settlement offer (0.1). |
| 5/17/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | E-mail correspondence to Mike Desmond regarding status of settlement discussions with Sarkissian (0.1). |
| 6/26/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | E-mail correspondence to Keevan Morgan regarding status of Sarkissian settlement discussions (0.1). |
| 7/8/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | E-mail correspondence to Keevan Morgan regarding status of settlement offer (0.1). |
| 7/15/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | E-mail correspondence to Mike Desmond regarding Boghos Sarkissian counteroffer (0.1). |
| 8/14/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.30 | 174.00 | Telephone conference with Keevan Morgan regarding settlement with Boghos Sarkissian (0.1); conference with Mike Desmond regarding same (0.2). |
| 8/19/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.50 | 290.00 | Draft settlement agreement with Sandy Adams and Boghos Sarkissian (0.5). |
| 8/21/2024 | JANCZAK, ELIZABETH L. | 580.00 | 1.10 | 638.00 | Draft motion to approve Sarkissian/Adams settlement (1.1). |
| 8/23/2024 | DESMOND, MICHAEL K. | 545.00 | 0.70 | 381.50 | Revise Adams Delaware Settlement Agreement (.3); Review and revise Motion to approve settlement pursuant to Rule 9019 (.4) |
| 8/26/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | Revise and finalize settlement agreement with Sarkissian and e-mail correspondence to Keevan Morgan regarding same. |
| 9/19/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | E-mail correspondence to Keevan Morgan regarding status of settlement agreement (0.1). |
| 10/21/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | E-mail correspondence to Mike Desmond regarding status of Sarkissian settlement (0.1). |
| 10/25/2024 | JANCZAK, ELIZABETH L. | 580.00 | 1.00 | 580.00 | E-mail correspondence with Mike Desmond regarding same and complaint against Sarkissian (0.2); telephone conferences with Keevan Morgan regarding finalizing Sarkissian settlement (0.2); revise and finalize same (0.4); telephone conferences with Mike Desmond regarding same (0.2). |
| 10/29/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | Telephone conference with Keevan Morgan regarding status of Sarkissian settlement (0.1). |
| 12/12/2024 | JANCZAK, ELIZABETH L. | 595.00 | 0.10 | 59.50 | E-mail correspondence with Mike Desmond regarding proposed Sarkissian settlement offer (0.1). |

| Date | Timekeeper Name | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|---|
| 12/13/2024 | JANCZAK, ELIZABETH L. | 595.00 | 2.20 | 1,309.00 | Telephone conferences with Mike Desmond regarding proposed counteroffer to Sarkissian offer (0.2); e-mail correspondence with Keevan Morgan regarding same (0.2); telephone conference with Keevan Morgan regarding same (0.2); research real estate property information in connection with same (0.2); e-mail correspondence to Mike Desmond regarding same (0.1); draft response to Schian Banks preference defense letter (1.3). |
| 2/26/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.50 | 297.50 | Conference with Mike Desmond regarding proposed settlement with Sarkissian and Adams and strategy for litigation (0.3); e-mail correspondence to Keevan Morgan regarding proposed settlement (0.2). |
| 3/6/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.20 | 119.00 | E-mail correspondence with Mike Desmond regarding defendants' settlement offer (0.1); e-mail correspondence to Keevan Morgan regarding same (0.1). |
| 3/10/2025 | WEBSTER, JACQUELINE | 395.00 | 0.70 | 276.50 | Review 9019 settlement motion (0.1); draft notice and certificate of service regarding same (0.2); e-mail correspondence with Elizabeth Janczak regarding same (0.1); finalize exhibit regarding same (0.1); file same (0.1); coordinate service of same (0.1). |
| 3/11/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.30 | 178.50 | Multiple e-mail correspondence with Keevan Morgan regarding Sarkissian & Adams settlement agreement and review executed copy of same (0.2); e-mail correspondence to Mike Desmond regarding same (0.1). |
| 3/12/2025 | WEBSTER, JACQUELINE | 395.00 | 0.60 | 237.00 | Review motion approving settlement with Boghos Angel Sarkissian and Sandy Adams (0.1); draft notice and certificate of service regrading same (0.1); finalize exhibit regarding same (0.1); e-mail correspondence with Elizabeth Janczak regarding same (0.1); file same (0.1); coordinate service of same (0.1). |
| 3/12/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.80 | 476.00 | Revise and finalize motion to approve Sarkissian/Adams settlement and draft proposed order for same (0.7); review notice of motion for same (0.1). |
| 3/31/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.20 | 119.00 | Conference with Mike Desmond regarding 4/1 hearing on motions to approve settlements and case closing issues (0.2). |
| 4/1/2025 | JANCZAK, ELIZABETH L. | 595.00 | 0.80 | 476.00 | Attend hearing on motions to approve settlement with Schain Banks, Sarkissian, and Adams (0.8). |
| 10/10/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.70 | 406.00 | Revise settlement agreement with Sarkissian and Adams (0.5); e-mail correspondence to Mike Desmond regarding same (0.1); e-mail correspondence to Keevan Morgan regarding same (0.1). |
| | **Sub-Total** | | **11.90** | **6,713.50** | |

**Rule 2004 Discovery**

| Date | Timekeeper Name | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|---|
| 2/27/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.60 | 348.00 | Conference with Mike Desmond regarding investigation into potential pre-petition avoidable transfer (0.4); review background documents including settlement statements and title documents relating to same (0.2). |
| 2/29/2024 | JANCZAK, ELIZABETH L. | 580.00 | 1.70 | 986.00 | Draft turnover demand letter to Marty Schwartz regarding books and records (0.3); research case law for same (0.2); draft demand and litigation hold letter to Boghos Sarkissian and Sandy Adams relating to prepetition transfer (0.5); draft Rule 2004 motion for Old Republic Bank relating to escrow and related subpoena (0.7). |

| Date | Timekeeper Name | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|---|
| 3/5/2024 | DESMOND, MICHAEL K. | 545.00 | 0.40 | 218.00 | Draft and revise Motion for 2004 Exam of Republic Title (.3); Send demand letters to S. Adams, B. Sarkissian and M. Schwartz (.5). |
| 3/6/2024 | DESMOND, MICHAEL K. | 545.00 | 0.30 | 163.50 | Draft and revise Motion for 2004 Exam of Title Co. and file same. |
| 3/6/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.20 | 116.00 | Review motion, order, notice, and exhibit to Rule 2004 motion to Old Republic prior to filing (0.2). |
| 3/13/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.50 | 290.00 | Finalize Old Republic subpoena and rider for issuance (0.2); coordinate service of same (0.1); conference with Mike Desmond regarding additional potential Rule 2004 discovery relating to transfer and estate assets (0.2). |
| 3/25/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.70 | 406.00 | Conference with Mike Desmond regarding follow-up with Debtor's former counsel regarding turnover demand and investigation into asset transfer (0.3); review public records and background documents in connection with same (0.4). |
| 4/1/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.20 | 116.00 | Conference with Mike Desmond regarding status of subpoena to Old Republic and document demand to Marty Schwartz (0.2). |
| 4/3/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.10 | 58.00 | Telephone call to Old Republic regarding status of document subpoena (0.1). |
| 4/4/2024 | JANCZAK, ELIZABETH L. | 580.00 | 1.40 | 812.00 | Review documents produced by Marty Schwartz (prior debtor's counsel) in connection with investigation into prepetition transfer (1.1); draft summary of open items relating to same for Mike Desmond (0.3). |
| 4/11/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.20 | 116.00 | Review wire transfer document and settlement statement relating to avoidable transfer investigation (0.2); e-mail correspondence to Keevan Morgan regarding avoidable transfer demand (0.1). |
| 4/23/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.20 | 116.00 | E-mail correspondence to Old Republic regarding status of subpoena and conference with Mike Desmond regarding same (0.1); e-mail correspondence to Keevan Morgan regarding demand letter to Sandy Adams and Boghos Sarkissian (0.1). |
| 4/24/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.30 | 174.00 | Multiple e-mail correspondence with Charity Makela regarding documents requested from Old Republic (0.3). |
| 4/25/2024 | JANCZAK, ELIZABETH L. | 580.00 | 0.40 | 232.00 | Review documents produced by Old Republic relating to pre-petition transfer (0.2); telephone conference with Keevan Morgan regarding demand letter and potential settlement (0.1); e-mail correspondence to Mike Desmond regarding same (0.1). |
| | **Sub-Total** | | **7.20** | **4,151.50** | |
| | **Application for Compensation** | | | | |
| 10/16/2025 | PODROVSKY, RICKI | 170.00 | 0.80 | 56.00 | Initial review of time detail and sort for review by M. Desmond (.3); begin draft of SGR fee application (.5) |
| 12/3/2025 | PODROVSKY, RICKI | 170.00 | 2.00 | 340.00 | Further review and edit time detail (.5); categorize time detail in preparation for fee application (1.5); |
| 12/4/2025 | PODROVSKY, RICKI | 170.00 | 2.30 | 391.00 | Further draft of SGR fee application. |
| 12/5/2025 | DESMOND, MICHAEL K. | 600.00 | 2.50 | 1,500.00 | Review and edit time detail (1.0); review and edit SGR fee application (1.5) |
| | **Sub-Total** | | **7.60** | **2,287.00** | |
| | **Grand Total** | | **65.60** | **34,666.00** | |

# Exhibit C - Fees By Task and Professional

### Employment of Professionals

| | | |
|---|---|---|
| DESMOND, MICHAEL K. | 0.9 | $490.50 |
| MCANENY, MAUREEN P. | 2.7 | $1,174.50 |
| WEBSTER, JACQUELINE | 1.2 | $474.00 |
| **Total** | **4.8** | **$2,139.00** |

### Adversary To Avoid Fraudulent Transfer

| | | |
|---|---|---|
| DESMOND, MICHAEL K. | 5.5 | $3,069.00 |
| JANCZAK, ELIZABETH L. | 14.3 | $8,400.50 |
| WEBSTER, JACQUELINE | 2.3 | $894.50 |
| **Total** | **22.1** | **$12,364.00** |

### Preference Actions

| | | |
|---|---|---|
| DESMOND, MICHAEL K. | 0.9 | $529.00 |
| JANCZAK, ELIZABETH L. | 2.6 | $1,538.00 |
| **Total** | **3.5** | **$2,067.00** |

### Discovery

| | | |
|---|---|---|
| DESMOND, MICHAEL K. | 1.3 | $780.00 |
| JANCZAK, ELIZABETH L. | 6.6 | $3,927.00 |
| WEBSTER, JACQUELINE | 0.6 | $237.00 |
| **Total** | **8.5** | **$4,944.00** |

### Settlement of Adversary

| | | |
|---|---|---|
| DESMOND, MICHAEL K. | 0.7 | $381.50 |
| JANCZAK, ELIZABETH L. | 9.9 | $5,818.50 |
| WEBSTER, JACQUELINE | 1.3 | $513.50 |
| **Total** | **11.9** | **$6,713.50** |

### Rule 2004 Discovery

| | | |
|---|---|---|
| DESMOND, MICHAEL K. | 0.7 | $381.50 |
| JANCZAK, ELIZABETH L. | 6.5 | $3,770.00 |
| **Total** | **7.2** | **$4,151.50** |

### Application for Compensation

| | | |
|---|---|---|
| PODROVSKY, RICKI | 5.1 | $787.00 |
| DESMOND, MICHAEL K. | 2.5 | $1,500.00 |
| **Total** | **7.6** | **$2,287.00** |

# Exhibit D - Fees by Professional

|  | Hours | Fees | Rate |
|---|---|---|---|
| DESMOND, MICHAEL K. | 12.50 | $7,131.50 | $545/600 |
| JANCZAK, ELIZABETH L. | 39.90 | $23,454.00 | $580/595 |
| MCANENY, MAUREEN P. | 2.70 | $1,174.50 | $435 |
| PODROVSKY, RICKI | 5.10 | $787.00 | $170 |
| WEBSTER, JACQUELINE | 5.40 | $2,119.00 | $395 |
| **Total** | **65.60** | **$34,666.00** | |

# Exhibit E - Expenses

| Date | Cost | Description |
|---|---|---|
| 11/8/2024 | $350.00 | Filing fee - adversary 24 A 366 |
| 3/10/2025 | $72.00 | Copying - Motion to Settle Adversary [Dkt. 79] (36 copies, 20 pages @ $.10 per page) |
| 3/10/2025 | $92.88 | Postage - Motion to Settle Adversary [Dkt. 79] (36 @ $2.58 each) |
| 3/10/2025 | $68.40 | Copying - Motion to Settle [Dkt. 78] (36 copies, 19 pages @ $.10 per page) |
| 3/10/2025 | $92.88 | Postage - Motion to Settle [Dkt. 78] (36 @ $2.58 each) |
| **Total** | **$676.16** | |